UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HUNTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>McBRIDE, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01192-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 1] |

Plaintiff Jesse Hunter is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 5, 2014.  Local Rule 302.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names James A. Yates, McBride, Walker, Oxborrow, and Deathridge. The events at issue in this action took place at Pleasant Valley State Prison (PVSP).

On or about May 7, 2011, at approximately 12:50 p.m., while Plaintiff was in the gymnasium, prison officials staged a riot, in which officers conducted forceful actions by several Mexican inmates to attack African American inmates for the purpose of "training exercise" which allowed the officers to use tear gas, pepper spray, and shotguns. The Mexican inmates outnumbered the African American inmates at a ratio of eight-to-one.

On or about February 19, 2010, and November 2, 2011, while Plaintiff was housed in the gymnasium, he was "besieged" by Hispanic inmates who were instructed to engage in mutual combat against Plaintiff and several other African American inmates, also residing in the gymnasium, for the express purpose of "Practice Procedures for Officers to Quell Riots," and proceeded to allow Hispanic

inmates to engage in a riot against African American inmates at a ratio of eight-to-one.  Plaintiff suffered serious to minor injuries from the beatings by Hispanic inmates.

While Plaintiff was housed in the gymnasium, he was a participant in the Mental Health Services Delivery System.  As a result of the officer initiated riots, Plaintiff has suffered Post Traumatic Stress Disorder, precipitated by the numerous riots staged against him and other African American inmates.  Plaintiff is currently under treatment by prison mental health staff for this serious mental condition, resulting from the numerous riots in which he was forced to engage within.

The named Defendants, knew or should have known, that Plaintiff was suffering from a mental health crisis episode when they viewed him in his cell the following morning of November 3, 2011.  Plaintiff, as a result of ineffective treatment, suffered Post Traumatic Stress Disorder.  To this date, Plaintiff is being treated by the Mental Health Clinic for the Post Traumatic Stress Syndrome as a result of the staged beatings.

### III.

### DISCUSSION

**A.     Linkage Under Section 1983**

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue.  Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Although Plaintiff names certain individuals as Defendants, he fails to state how each Defendant violated his constitutional rights.  Merely alleging that "Defendants" violated his rights is insufficient.  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient); Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported

3

1   by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some
2   degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."
3   Jones, 733 F.2d at 649 (internal quotation omitted).

4   **B.   Cruel and Unusual Punishment**

5   The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners
6   not only from inhumane methods of punishment but also from inhumane conditions of confinement.
7   Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825,
8   847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).

9   While conditions of confinement may be, and often are, restrictive and harsh, they must not
10  involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452
11  U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological
12  purpose or contrary to evolving standards of decency that mark the progress of a maturing society
13  violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted);
14  Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346. Among unnecessary and wanton
15  inflictions of pain are those that are totally without penological justification. Hope, 536 U.S. at 737
16  (citing Rhodes v. Chapman, 452 U.S. at 346) (quotation marks omitted). Punitive treatment which
17  amounts to gratuitous infliction of wanton and unnecessary pain is prohibited by the Eighth
18  Amendment. Id. at 738 (quotation marks omitted).

19  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were
20  deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847;
21  Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14
22  (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124,
23  1128 (9th Cir. 1998).

24  Although Plaintiff contends that "Defendants" staged riots between Mexican and African
25  American inmates in order to facilitate training procedures and experience by prison staff, Plaintiff
26  fails to link any of the named Defendants to specific actions giving rise to the alleged violations.
27  Accordingly, Plaintiff fails to state a cognizable constitutional violation.
28  ///

**C.     Supervisory Liability**

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

To the extent Plaintiff contends that certain supervisory officials, such as Warden Yates, violated his constitutional rights, such liability cannot be premised on respondeat superior liability.  Thus, the mere fact that certain Defendants may have supervised other named Defendants alleged to be responsible for a violation is not sufficient.  Supervisory personnel may only be held liable in a supervisory capacity if they each "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**D.     Discovery Requests**

Plaintiff attaches discovery requests to his complaint.  As advised in the Court's First Information Order, filed July 31, 2014, the discovery phase of this litigation is not yet open.  (ECF No. 3, Order at section V.)  In addition, once discovery is open, court permission is not necessary for discovery requests.  Discovery is self-executing until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure.  Interrogatories, requests for admissions, requests for production of documents, and responses thereto shall not be filed with the court until there is a proceeding in which the document or proof of service is

at issue. Such documents are to be served on the opposing party, and not with the court. Local Rule 33-250, 36-250. Discovery requests improperly filed with the court will be stricken from the record.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed July 30, 2014, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **November 18, 2014**

UNITED STATES MAGISTRATE JUDGE